## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **66 bottles, more or less, of product containing 7-hydroxymitragynine, labeled in part: "LUXX 70H Aura",** | |
| **53 bottles, more or less, of product containing 7-hydroxymitragynine, labeled in part: "EDP 70H",** | |
| **6,700 packages, more or less, of product containing 7-hydroxymitragynine, labeled in part: "RIZE  60 mg 7-OH Power Bar",** | |
| **11,131 packages, more or less, of product containing 7-hydroxymitragynine, labeled in part: "RIZE  60 mg 7-OH Power Bar",** | |
| **and** | |
| **all other quantities of the aforesaid articles of dietary supplements with any lot number and in any size or type of container that are labeled or otherwise appear to contain 7-hydroxymitragynine, located at 1449 N Topping Ave, Kansas City, Missouri,** | |
| Defendant Articles. | |

**NOW COMES** the United States of America, R. Matthew Price, United States Attorney

for the Western District of Missouri, and Lisa K. Hsiao, Acting Director of the Enforcement &

Affirmative Litigation Branch of the United States Department of Justice, and respectfully state as follows:

## NATURE OF THE ACTION

1.      This is a civil forfeiture action *in rem* brought by the United States of America pursuant to 21 U.S.C. § 334 to seize and condemn the articles of food as described in the caption ("Defendant Articles"), located on the  premises at 1449 N Topping Ave, Kansas City, Missouri, because they violate the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. §§ 301 *et seq*.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and 21 U.S.C. § 334.

3.      The Defendant Articles are articles of food within the meaning of 21 U.S.C. § 321(ff), because they are dietary supplements.

4.      This Court has *in rem* jurisdiction over the Defendant Articles, and venue is proper pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 334(a)(1), because the Defendant Articles are located in the Western District of Missouri.

5.      The Defendant Articles consist, in whole or in part, of components that were shipped in interstate commerce from outside the state of Missouri.

## FACTS

6.      Company A manufactures, holds, and distributes dietary supplement products that are labeled to contain 7-hydroxymitragynine ("7-OH").

7.      The Defendant Articles are dietary supplements, within the meaning of 21 U.S.C. § 321(ff), and they do not fall within an exclusion set forth in 21 U.S.C. § 321(ff)(3)(B).

8.       7-OH is a constituent or metabolite of the botanical *Mitragyna speciosa* (commonly known as kratom).  While 7-OH occurs naturally in trace amounts in the plant kratom, products containing 7-OH as an added ingredient can be dangerous. In the human body, 7-OH is able to bind to opioid receptors, raising concerns about its potential for abuse. The United States Food and Drug Administration ("FDA") has stated publicly that 7-OH is not lawful in dietary supplements, has not been FDA-approved for any medical use, and that consumption of 7-OH may be dangerous and lead to serious harm.[1]

9.       Kratom-derived 7-OH is a dietary ingredient within the meaning of 21 U.S.C. § 321(ff)(1)(F) when an ingredient in a dietary supplement product.

10.       Because 7-OH was not marketed as a dietary ingredient in the United States prior to October 15, 1994, it is a new dietary ingredient within the meaning of 21 U.S.C. § 350b(d).

11.       On June 25, 2025, FDA issued a Warning Letter to Company A and principals of Company A regarding certain of its products that contain 7-OH. The Warning Letter stated that 7-OH products have not been evaluated by FDA for safe use; FDA has received adverse event reports associated with products containing 7-OH; and 7-OH has been reported to have opioid-like effects. The Warning Letter further stated that the firm's dietary supplements containing 7-OH were adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B) and that "available information on the use of 7-OH in products raises serious safety concerns."

12.       On November 12, 2025, FDA investigators initiated an inspection of a Company A facility located at 1449 N Topping Ave, Kansas City, Missouri. During the inspection, FDA investigators observed products labeled as "dietary supplements" that contain 7-OH.

---

[1]https://www.fda.gov/consumers/consumer-updates/products-containing-7-oh-can-cause-serious-harm; https://www.fda.gov/newsevents/press-announcements/fda-issues-warning-letters-firms-marketing-products-containing-7-hydroxymitragynine.

13.    On November 12, 2025, FDA issued a Detention Order, whereby the Defendant Articles were administratively detained pursuant to 21 U.S.C. § 334(h).  The Detention Order Continuation Sheet listing the detained products was issued to the firm on November 14, 2025. As of the date of this Complaint, the Defendant Articles, which are located at 1449 N Topping Ave, Kansas City, Missouri, are still subject to FDA's Administrative Detention Order, and thus, remain under FDA's custody, control, or possession.

**BASIS FOR FORFEITURE**

14.    The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

15.    The Defendant Articles are dietary supplements within the meaning of the Act, 21 U.S.C. § 321(ff), and are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B).

16.    The Defendant Articles are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B) because they contain or are a new dietary ingredient, 7-OH, for which there is inadequate information to provide reasonable assurance that this ingredient does not present a significant or unreasonable risk of illness or injury.

17.     By reason of the forgoing, the Defendant Articles are held illegally within the jurisdiction of this Court and are liable to seizure, forfeiture, and condemnation pursuant to 21 U.S.C. § 334.

**CLAIM FOR RELIEF**

**WHEREFORE**, the United States of America requests that:

(a) a Warrant for Arrest *In Rem* for the Defendant Articles be issued;

(b) notice be given to all persons having any interest in the Defendant Articles to appear herein and show cause why the seizure and condemnation should not be decreed;

(c) judgment be entered declaring the Defendant Articles be condemned and forfeited to the United States of America and disposed of according to law; and,

(d) the United States of America be granted such other and further relief that the Court deems just and proper.


DATED: November 24, 2025

R. MATTHEW PRICE
United States Attorney


  s/ LEIGH FARMAKIDIS
LEIGH FARMAKIDIS
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, MO 64106
Tel: 816-426-3122
leigh.farmakidis@usdoj.gov

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation Branch

  s/ PATRICK R. RUNKLE
PATRICK RUNKLE
Assistant Director
DAVID SULLIVAN
Senior Litigation Counsel
JAMES T. NELSON
Senior Trial Attorney
U.S. Department of Justice
450 5th Street, N.W.
Washington, DC 20044
Tel: 202-532-4723
patrick.r.runkle@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

MICHAEL B. STUART
General Counsel
U.S. Department of Health and Human Services

SEAN R. KEVENEY
Chief Counsel

5

Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

BRENNAN CANUTESON
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
Silver Spring, MD  20993-0002

*Of Counsel*

## <u>VERIFICATION</u>

I, Jamie Bumpas, am a Compliance Officer with the United States Food and Drug Administration, United States Department of Health and Human Services. I have read the foregoing Verified Complaint for Forfeiture *In Rem* and the allegations it contains are true and correct to the best of my knowledge, information, and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the FDA, as well as my investigation of this case, together with others, as a Compliance Officer.

I verify and declare under penalty of perjury that the foregoing is true and correct. Executed on the 24th day of November, 2025.

Jamie Bumpas
Compliance Officer
Food and Drug Administration
U.S. Department of Health and Human
Services