# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00925-RK |
| | ) | |
| 66 BOTTLES, MORE OR LESS, OF | ) | |
| PRODUCT CONTAINING 7- | ) | |
| HYDROXYMITRAGYNINE, LABELED | ) | |
| IN PART: "LUXX 70H AURA," et al.,[1] | ) | |
| | ) | |
| | ) | |
| Defendant articles, | ) | |

## ORDER

Before the Court is Plaintiff United States of America's motion for default judgment of condemnation, forfeiture, and destruction of Defendant Articles. (Doc. 10.) After careful consideration and for the reasons explained below, the Plaintiff's motion for default judgment is **GRANTED**.

On June 25, 2025, prior to the seizure of Defendant Articles, the U.S. Food and Drug Administration ("FDA") issued a Warning Letter to Company A notifying them that the use of dietary supplements containing the ingredient 7-hydroxymitragynine ("7-OH"), a new drug that has not been properly evaluated, is not FDA-approved due to reports of users suffering from adverse, opioid-like effects. (Doc. 1 at ¶ 11.) The FDA prohibits the use of 7-OH in dietary supplements because the ingredient binds to opioid receptors, raising concerns about its potential for abuse. (*Id.* at ¶ 8.) 7-OH has not been FDA-approved for medical use either because consumption can be dangerous and lead to serious harm. (*Id.* at ¶ 8.) On or about November 12,

---

[1] The other defendant articles are as follows: (1) 53 bottles, more or less, of product containing 7-hydroxymitragynine, labeled in part: "EDP 70H"; (2) 6,700 packages, more or less, of product containing 7-hydroxymitragynine, labeled in part: "RIZE 60 mg 7-OH Power Bar"; (3)11,131 packages, more or less, of product containing 7-hydroxymitragynine, labeled in part: "RIZE 60 mg 7-OH Power Bar"; and (4) all other quantities of the aforesaid articles of dietary supplements with any lot number and in any size or type of container that are labeled or otherwise appear to contain 7-hydroxymitragynine, located at 1449 N Topping Ave, Kansas City, Missouri.

2025, the FDA issued a Detention Order and seized at least 17,950 bottles and packages of dietary supplements containing 7-OH from Company A. (*See* Doc. 1 at ¶ 13; Doc. 1-1 at 1.)

On November 24, 2025, Plaintiff filed a verified complaint for forfeiture *in rem* pursuant to 21 U.S.C. § 334, seeking condemnation, forfeiture, and destruction of certain dietary supplement products containing 7-OH which are alleged to be adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act. (Doc. 1.) Notice of the Complaint for Forfeiture was sent to the only known potential claimant, Relax Relief Rejuvenate Trading, LLC, ("RRR"), via email to its attorneys on December 5, 2025. (Doc. 8-1 at ¶ 5.) The United States submitted on the record a true and correct copy of the United States' email verifying that RRR received the notice, marked as Exhibit A. (Doc. 8-2.) Notice of the forfeiture was posted on an official government website (www.forfeiture.gov) between December 6, 2025, and January 4, 2026. (Doc. 8-1 at ¶ 5.) No known or unknown claimants filed a verified claim or otherwise responded to the Complaint within the time permitted by Supplemental Rule G(5). Accordingly, Plaintiff filed a motion for Clerk's Entry of Default on March 3, 2026. (Doc. 8.) The Clerk of the Court entered default on March 5, 2026, for the 17,950 bottles and packages of dietary supplements containing 7-OH, along with any and all other products containing 7-OH located at 1449 N Topping Ave, Kansas City, Missouri. (Doc. 9.) Plaintiff filed the instant motion for default judgment on March 11, 2026. (Doc. 10.)

The Court finds that Plaintiff has shown there was reasonable cause for seizure of the defendant property, a verified complaint for forfeiture was filed, any and all other claimants have been served by publication, and no other claims have been filed as to Defendant Articles and no extension has been granted to do so. Accordingly, the Court **ORDERS** that Plaintiff's motion for default judgment of forfeiture, condemnation, and destruction is **GRANTED**.

It is **FURTHER ORDERED** that:

1. This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. § 1345 and 21 U.S.C. § 334.

2. Venue is proper in this district under 28 U.S.C. § 1395(b) and 21 U.S.C. § 334(a)(1).

3. Notice of this action has been given in the manner required by law.

4. There being no claimants to the Defendant Articles, a judgment of default is entered against the Defendant Articles pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

5. The Defendant Articles are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B) because they are dietary supplements within the meaning of the 21 U.S.C. § 321(ff) and they contain or are a new dietary ingredient, specifically 7-OH.

6. The Defendant Articles are condemned and forfeited to the United States pursuant to 21 U.S.C. § 334.

7. The government shall destroy the Defendant Articles pursuant to 21 U.S.C. § 334(d) and thereafter shall file notice with this Court after destruction of the Defendant Articles. The government may retain samples for investigatory purposes. Destruction shall be in a manner that complies with all applicable federal and state laws.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 16, 2026

3